IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RALPH RAY TENNANT, JR.,

        Plaintiff,

v.                                          Civil Action No. 5:11CV49
                                                               (STAMP)
JIM RUBENSTEIN, Commissioner,
WV Dept. of Corrections,
WILLIAM M. FOX, Warden,
TONY LEMASTERS, Deputy Warden and
KAREN TOWNSEND, Administrative Asst.,

        Defendants.

                   **MEMORANDUM OPINION AND ORDER**
                   **AFFIRMING AND ADOPTING REPORT AND**
                  **RECOMMENDATION OF MAGISTRATE JUDGE**
                  **AND AFFIRMING AND ADOPTING SUPPLEMENTAL**
                  **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

                            I.  Background

   The pro se[1] plaintiff, Ralph Ray Tennant, Jr., filed a civil rights complaint pursuant to 42 U.S.C. § 1983, in which he alleges that he was unfairly discharged from his position in the prison library along with other inmates. He states that he and one other inmate were prevented from seeking institutional work for sixty days. He alleges that only two of the inmates discharged from the library were reinstated. He states that he was discriminated against because he was not reinstated in violation of the Equal Protection Clause. He also believes that his grievances pertaining to his discharge were denied in violation of his constitutional

_____

   [1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

rights.  As relief, the plaintiff seeks back pay from February 2011 to the present and punitive damages.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge John S. Kaull for an initial review and for a report and recommendation on disposition of this matter. The magistrate judge issued a report and recommendation, recommending that the plaintiff's complaint be dismissed as frivolous.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  Neither party filed objections.  Thereafter, the plaintiff filed a document entitled, "Amended Relief Requested." In that document, the plaintiff seeks to add to his prayer for relief.  Because the plaintiff did not seek to add any additional defendants or claims, the magistrate judge issued a supplemental report and recommendation on August 1, 2011, recommending that the plaintiff's motion for amended relief be denied.  Again, the magistrate judge advised the parties that any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation.  Again, neither party filed objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge and the

supplemental report and recommendation of the magistrate judge should be affirmed and adopted in their entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendations permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, because the plaintiff did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA,

the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989). In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous.

A.  Rubenstein and Fox

The plaintiff alleges that by affirming and denying his grievances in this matter, the defendants violated his constitutional rights. The magistrate judge correctly noted in his report and recommendation that federal inmates have no constitutional right to participate in the Bureau of Prisons' administrative grievance proceedings. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Because there is no constitutional right to participation in administrative proceedings, the plaintiff has failed to state a claim against defendants Rubenstein and Fox.

Furthermore, the magistrate judge was not clearly erroneous in his finding that, while the plaintiff does not indicate whether he is suing Rubenstein and Fox in their individual or official capacities, the plaintiff's complaint against Rubenstein and Fox for denying his grievances is clearly a complaint against those defendants in their official capacities only and is barred by 42 U.S.C. § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (holding that "[n]either a State nor its

officials acting in their official capacity are 'persons' under § 1983").

B. <u>LeMasters</u>

The plaintiff contends that LeMasters violated his constitutional rights and discriminated against him by allowing his administrative assistant, defendant Karen Townsend, to terminate the plaintiff's employment in the library and to prevent him from seeking any other work in the institution for a sixty day period.

The magistrate judge is not clearly erroneous in his conclusion that LeMasters did not violate the plaintiff's right to due process. The magistrate judge correctly held that the plaintiff has no liberty interest in prison employment. <u>See</u> <u>James v. Quinlan</u>, 866 F.2d 627, 630 (3d Cir. 1989) (finding that a prisoner has no liberty interest in a prison job assignment).

As to supervisory liability, the magistrate judge correctly noted that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights," <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 928 (4th Cir. 1977), or where a subordinate acts pursuant to a policy or custom for which the supervisor is responsible. <u>Fisher v. Wash. Metro. Area Transit Auth.</u>, 690 F.2d 1133, 1143 (4th Cir. 1982), <u>abrogated on other grounds by</u> <u>County of Riverside v. McLaughlin</u>, 500 U.S. 44 (1991). A supervisor also may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged

in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices;' and (3) there was an 'affirmative casual link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), cert. denied, 513 U.S. 813 (1994).

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendant LeMasters was personally involved in any alleged deprivation of the plaintiff's constitutional rights. Thus, the magistrate judge correctly found that the plaintiff fails to state a claim against defendant LeMasters in his personal capacity. Moreover, because the plaintiff has no liberty interest in any prison work assignment, Townsend's alleged conduct could not have posed a pervasive and unreasonable risk of constitutional injury to the plaintiff.

C.  Townsend

The plaintiff alleges that defendant Townsend violated his constitutional rights by treating him unfairly and by discriminating against him during and following his employment with the library under the defendant's supervision.

As discussed above, the plaintiff fails to state a claim against Townsend for termination and prevention of employment and hiring others instead of hiring him because he has no liberty interest in prison employment. James, 866 F.2d at 630.

As to the plaintiff's equal protection claim against the defendant, an equal protection claim requires, as a threshold matter, that the plaintiff demonstrate that a governmental decision-maker has treated him differently from others similarly situated and that such unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). To state an equal protection claim, a plaintiff's allegations must not be conclusory. United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979). Instead, the allegations should be supported by references to particular acts, practices, or policies. Id. Here, the magistrate judge correctly finds that the plaintiff makes mere conclusory allegations of discrimination without even asserting a basis for the alleged discrimination. Because the plaintiff has made no allegation of intentional and purposeful discrimination, this Court finds no clear error in the magistrate judge's report and recommendation.

D.  Supplemental Report and Recommendation

The magistrate judge found that the plaintiff's "Amended Relief Requested" should be denied. The magistrate judge correctly cited Federal Rule of Civil Procedure 15(a) to find that because no

7

responsive pleading had been served in this civil action, the plaintiff's motion to amend should be granted as a matter of course. However, in his amendment, the plaintiff does not name any additional defendants. The plaintiff also does not state any additional grounds for relief. Instead, he seeks to add to his prayer for relief. Because the plaintiff does not seek to add any additional defendants or claims, the magistrate judge's conclusion that the plaintiff's motion for amended relief be denied is not clearly erroneous.

## IV. Conclusion

Because the plaintiff has not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge and the supplemental report and recommendation of the magistrate judge are hereby AFFIRMED and ADOPTED in their entirety. Accordingly, for the reasons set forth above, the plaintiff's § 1983 claim is DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e) and 1915A and the plaintiff's motion for amended relief is DENIED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the plaintiff's failure to

object to the magistrate judge's proposed findings and recommendation bars the plaintiff from appealing the judgment of this Court.  See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    August 26, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE